IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> MARIE BELLEUS, et al., <br><br> Plaintiff-Intervenors <br><br> vs. <br><br> LFC AGRICULTURAL SERVICES, INC., SIX L'S PACKING COMPANY, INC., and CUSTOM PAK, INC., <br><br> Defendants. | CIVIL ACTION NO: 2:09-cv-00636-FTM-29DNF <br><br> PLAINTIFF EEOC'S FIRST AMENDED COMPLAINT <br><br> JURY TRIAL DEMANDED <br><br> INJUNCTIVE RELIEF SOUGHT |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of race and national origin and to provide appropriate relief to Marie Belleus, Aline Charles, Michel Eraus, Marie Gourdet, Madeleine Joseph, Raymonde Metelus, Lenaud Nelson, Roselaine Poliard, Jean Baptiste Registe, and Rose Marie Sanon, and similarly situated individuals Faubert Jules and Nekefils Frederic (collectively referred to as "Claimants") who were adversely affected by such practices. As stated with greater particularity below, the Commission alleges that the Defendants violated Title VII when they subjected the above-mentioned Claimants to a hostile work environment because of their race (Black) and/or national origin (Haitian).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Fort Myers Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant LFC Agricultural Services, Inc. has continuously been a Florida corporation doing business in the city of Immokalee, Florida and has continuously had at least 15 employees.

5. At all relevant times, Defendant Six L's Packing Company, Inc. has continuously been a Florida corporation doing business in the city of Immokalee, Florida and has continuously had at least 15 employees.

6. At all relevant times, Defendant Custom Pak, Inc. has continuously been a Florida corporation doing business in the city of Immokalee, Florida and has continuously had at least 15 employees.

2

7. At all relevant times, Defendant LFC Agricultural Services, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

8. At all relevant times, Defendant Six L's Packing Company, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

9. At all relevant times, Defendant Custom Pak, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

10. At all relevant times, the Defendants LFC Agricultural Services, Inc., Six L's Packing Company, Inc., and Custom Pak, Inc. (collectively referred to as "Defendants"), individually and/or as a group, were the employer of the Claimants, as "employer" is defined by Title VII.

## STATEMENT OF CLAIMS

11. More than thirty days prior to the institution of this lawsuit, Marie Belleus, Aline Charles, Michel Eraus, Marie Gourdet, Madeleine Joseph, Raymonde Metelus, Lenaud Nelson, Roselaine Poliard, Jean Baptiste Registe, and Rose Marie Sanon, filed Charges of Discrimination against Defendants alleging violations of Title VII.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

13. Since at least January of 2004, Defendants have engaged in unlawful employment practices at their Immokalee, Florida facility, in violation of Section

703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a) as follows:

    a. The Claimants are, or were, employed by Defendants at Defendants' facility in Immokalee, Florida.

    b. The Defendants subjected the Claimants to a hostile work environment based on their race (Black) and/or national origin (Haitian). The hostile work environment included, but was not limited to, severe, pervasive, and constant use of derogatory, offensive, and humiliating comments and slurs based on the race (Black) and/or national origin (Haitian) of the Claimants, among other unlawful activities. These comments included routine use of the phrases "pinche Haitiano," and "fucking Haitians," mockery of the Haitian Creole language, and frequent remarks that "Haitians stink," that Haitians are cannibals, and that Haitians are slaves. The hostile work environment also included physical abuse such as throwing tomatoes and/or boxes at Haitian workers.

    c. Some of the harassment described in paragraph 13(b) was perpetrated by the Claimants' co-workers. The Defendants were on notice that the Claimants' co-workers were harassing them and that the work environment was permeated with harassment based on the race and/or national origin of the Claimants, but they failed to take prompt remedial action to stop the harassment and prevent it from recurring.

    d. Some of the harassment described in paragraph 13(b) was perpetrated by the Defendants' supervisors and/or managers. The Defendants' supervisors and/or managers also subjected and/or permitted the Claimants to be subjected to additional harassment and humiliation, including derogatory and offensive

comments and slurs based on the race (Black) and/or national origin (Haitian) of the Claimants, and exposing the Claimants to physical abuse.

e. The harassment was sufficiently severe or pervasive to alter the terms and conditions of the Claimants' employment and create a discriminatorily abusive working environment.

f. The effect of the practices complained of above has been to deprive the Claimants of equal employment opportunities and otherwise adversely affect their status as employees because of their race and/or national origin.

g. The unlawful employment practices complained of above were intentional. The Defendants' supervisors and managers themselves engaged in harassment of the Claimants based on their race and/or national origin and were also on notice that the Claimants were suffering such harassment by their co-workers and were otherwise subjected to a hostile work environment, but took no action to stop and prevent the discrimination from occurring.

i. The unlawful employment practices complained of above were carried out, approved, ratified, and/or countenanced by individuals in the Defendants' higher management of the Florida Custom Pak facility, and with malice or with reckless indifference to the federally protected rights of the Claimants, as evidenced by the conducted described *supra* at paragraph 13(a)-(g).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendants, their officers,

successors, assigns, and all persons in active concert or participation with them, from engaging in race and/or national origin based harassment or creating or maintaining a hostile work environment or any other employment practice which discriminates on the basis of race and/or national origin;

B.  Order the Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for victims of race and/or national origin based harassment and/or hostile work environment, and which eradicate the effects of its past and present unlawful employment practices;

C.  Order Defendants to make whole Marie Belleus, Aline Charles, Michel Eraus, Marie Gourdet, Madeleine Joseph, Raymonde Metelus, Lenaud Nelson, Roselaine Poliard, Jean Baptiste Registe, and Rose Marie Sanon, and similarly situated individuals Faubert Jules and Nekerfils Frederic, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above including emotional pain, suffering, and humiliation, in amounts to determined at trial.

F.  Order the Defendants to pay Aline Charles, Marie Belleus, Michel Eraus, Marie Gourdet, Madeleine Joseph, Raymonde Metelus, Lenaud Nelson, Roselaine Poliard, Jean Baptiste Registe, and Rose Marie Sanon, and similarly situated individuals Faubert Jules and Nekerfils Frederic, punitive damages for the Defendants' malicious and reckless conduct described above, in amounts to be determined at trial;

G.  Grant such further relief as the Court deems necessary and proper in the public interest; and

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission demands a jury trial on all questions of fact raised by its First Amended Complaint.

JAMES L. LEE
Deputy General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

Equal Employment Opportunity
Commission
131 M Street, N.E.
Washington, D.C. 20507

ROBERT E. WEISBERG
Regional Attorney

_____
BRIAN J. SUTHERLAND
Trial Attorney
Washington Bar No. 37969
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Miami District Office
One Biscayne Tower
2 South Biscayne Blvd., Suite 2700
Miami, FL 33131
Tel.: (305) 808-1790
Fax: (305) 808-1835
Email: brian.sutherland@eeoc.gov

Dated: 1/10/11