IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>MARIE BELLEUS, et al.,<br><br>Plaintiff-Intervenors<br><br>vs.<br><br>LFC AGRICULTURAL SERVICES, INC., SIX L'S PACKING COMPANY, INC., and CUSTOM-PAK, INC.,<br><br>Defendants. | CIVIL ACTION NO:<br>2:09-cv-00636-FTM-29DNF<br><br>CONSENT DECREE |

## CONSENT DECREE

1. This Consent Decree ("Decree") is made and entered into by and between Plaintiff Equal Employment Opportunity Commission (the "Commission" or "EEOC"), the Plaintiff-Intervenors named in the Amended Complaint in Intervention [Dkt. No. 70], and the Defendants LFC Agricultural Services, Inc., Six L's Packing Company, Inc., and Custom Pak, Inc., ("Defendants"). The Commission, Plaintiff-Intervenors, and the Defendants are sometimes collectively referred to as the "Parties" throughout this Decree.

2. The Commission filed this action on September 24, 2009, alleging that the Defendants violated Title VII of the Civil Rights Act of 1964 ("Title VII" or "the Act") when it subjected a group of Black Haitian employees (hereinafter "Claimants") at their Immokalee, Florida produce packing and shipping facility known as Custom Pak, Inc., to a racially hostile working environment, disparate terms and conditions of employment, disparate discipline,

1

unlawful retaliation, and discharge on the basis of their race and/or national origin. The Commission further alleged an unknown number of similarly situated workers were also subjected to unlawful discrimination on the basis of their race and/or national origin. [Docket No. 1]. On January 11, 2011, the Commission filed its First Amended Complaint, wherein the Commission modified its Complaint to assert only the claim that Defendants subjected certain individually named claimants to a racially hostile working environment. [Dkt. No. 64].

3. On January 12, 2010, the Court granted a Motion to Intervene by several of the Claimants in the EEOC's lawsuit. (Dkt. No. 19). The Plaintiff-Intervenors filed their Complaint on January 12, 2010 and joined in the Commission's claims for violation of Title VII, and also asserted substantially identical claims under 42 U.S.C. § 1981 and the Florida Civil Rights Act. (Dkt. No. 20). On February 14, 2011,some of the original Plaintiff-Intervenors filed an amended Complaint to assert only racially hostile work environment claims under Title VII, 42 U.S.C. § 1981, and the Florida Civil Rights Act. [Dkt. No. 70]. (The following individuals who sought relief in the Plaintiffs/Intervenors' Complaint [Doc. 20] are not named as Intervenors in the Plaintiffs/Intervenors' Amended Complaint [Doc. No. 70]: Imelda Laguerre, Ilonie Jean, Marianne Pierre, Marie Edeline Jean, Jesumene Louis, and Jean Joseph Auguste).

4. On November 30, 2009, Defendants filed their Answer to EEOC's Complaint, wherein Defendants denied EEOC's allegations and asserted their affirmative defenses. [Dkt. 16]. On February 2, 2010, Defendants filed their Answer to Plaintiff-Intevenors' Complaint, wherein Defendants denied Plaintiff-Intevenors' allegations and asserted their affirmative defenses. [Dkt. 24]. On January 25, 2011, Defendants filed their Answer and Affirmative Defenses to EEOC's First Amended Complaint, wherein Defendants denied EEOC's allegations and asserted their affirmative defenses. [Dkt. No. 65]. On February 23, 2011, Defendants filed

their Answer and Affirmative Defenses to Plaintiff-Intervenors First Amended Complaint, wherein Defendants denied Plaintiff-Intervenors' allegations and asserted their affirmative defenses. [Dkt. No.71].

5. In the interest of resolving this matter, to avoid further costs of litigation, and as a result of having engaged in comprehensive settlement negotiations, the Parties have agreed that this action should be finally resolved by the entry of this Decree to avoid the burden, expense, and delay of further litigation. This Decree is not and shall not be interpreted or construed as an admission or indication that Defendants have engaged in any wrongful or unlawful conduct of any kind, and in fact the Defendants deny the allegations.

6. This Decree fully and finally resolves claims filed by the Commission in this action against the Defendants arising from EEOC Charges of Discrimination Nos. 510-2006-03625C, 510-2007-01244C, 510-2007-01251C, 510-2007-01245C, 510-2007-01253C, 510-2007-01256C, 510-2007-01250C, 510-2007-01247C, 510-2007-01257C, 510-2007-01246C, 510-2007-01255C, 510-2008-02467, 510-2007-01239, 510-2007-01252, 510-2006-03604, 510-2007-01258, 510-2007-04455, 510-2007-01255, 510-2007-01249, and 510-2008-05156. This Decree also resolves the claims brought in this lawsuit on behalf of all Plaintiff-Intervenors who continue to assert claims in this case as of the date of execution of this Decree. This Decree is binding on the Parties, and their successors and assigns. Finally, the Parties further agree that this Decree does not resolve any Charges of Discrimination that may be pending with the Commission, or may later arise, against the Defendants other than the Charges referred to in this paragraph.

## I. FINDINGS

7. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

   a. This Court has jurisdiction over the subject matter of this action and the Parties.

   b. No party will contest the jurisdiction of this Federal Court to enforce this Decree and its terms or the right of EEOC to bring an enforcement suit upon the alleged breach of any term(s) of this Decree.

   c. The terms of this Decree are adequate, fair, reasonable, equitable, and just. The terms of this Decree are and will be binding upon the present and future representatives, agents, directors, and officers, successors and assigns of the Defendants.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

## II. GENERAL INJUNCTIVE PROVISIONS

8. The Defendants, and all of the Defendants' officers, managers, employees, agents, partners, successors and assigns, are enjoined from engaging in conduct which would create, contribute, or result in the creation of a hostile work environment that discriminates against individuals at the Custom Pak, Inc. facility in Immokalee, Florida on the basis of race, color, and/or national origin in violation of Title VII.

9. The Defendants, and all of the Defendants' officers, managers, employees, agents, partners, successors, and assigns, are enjoined from engaging in any form of retaliation against any person because such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this Decree.

### III.   MONETARY RELIEF

10.   Within ten (10) business days from the date the Court enters this Decree, Defendants shall pay $84,000.00 to resolve this litigation.

11.   Defendants shall make all payments in the manner set forth in Exhibit A. If Defendants fail to tender the payments described in Exhibit A, then Defendants shall pay interest on the defaulted payment at the rate calculated pursuant to 26 U.S.C. § 6621(b) until the same is paid, and bear any additional costs incurred by the non-compliance or delay of the Defendants.

### IV.   DEFENDANTS' ANTI-DISCRIMINATION POLICY

12.   Defendants have maintained and will continue to maintain written Anti-Discrimination Policies. Prior to the submission of this Decree to the Court, the Defendants will submit a copy of their written Anti-Discrimination Policies (the "Anti-Discrimination Policies") to the EEOC for review. Defendants' Anti-Discrimination Policies will prohibit all forms of discrimination under Title VII, including, but not limited to, discrimination on the basis of race and national origin. The Anti-Discrimination Policies will state that employees who complain about discrimination, oppose discrimination, and/or engage in any other protected activity will be protected against retaliation. The Anti-Discrimination Policies will contain a procedure by which employees who feel they have been discriminated against can report discrimination. This reporting procedure will clearly define the chain of command which identifies the appropriate supervisor(s) and/or persons to whom the employee should report discriminatory conduct. The Anti-Discrimination Policies will also identify the person to whom an employee should report discriminatory conduct in the event that the employee believes the discriminatory conduct is being perpetrated by a manager or supervisor who would otherwise be the person responsible for receiving discrimination complaints. The Anti-Discrimination policies will contain information

explaining when and how the complaint will be processed, addressed, and resolved. The Anti-Discrimination Policies will state that the Defendants will take immediate and appropriate corrective action if and when they determine that discrimination has occurred and that employees who violate the policy are subject to discipline up to and including discharge. Defendants' written Anti-Discrimination Policies will continue to be translated into both the Spanish and Haitian Creole languages.

13. A copy of the Anti-Discrimination Policies referred to in paragraph 12 shall be forwarded to EEOC for review and approval prior to the submission of this Decree to the Court. This and any other submissions, reports, certifications, notices, or other materials that are required to be submitted to EEOC shall be mailed to: Robert Weisberg, Regional Attorney, U.S. Equal Employment Opportunity Commission, 2 South Biscayne Blvd., Suite #2700, Miami, Florida 33131.

14. A copy of the Anti-Discrimination Policies in the English, Spanish and Haitian Creole languages will be disseminated to all of Defendants' employees within ten (10) calendar days after the entry of this Decree.

15. The Anti-Discrimination Policy will be included in the Defendants' employee manual. The Anti-Discrimination Policy shall also continue to be posted in a conspicuous and accessible place for all employees at each of Defendants' facilities and printed in a font that is easily legible. If the policy becomes defaced or unreadable, the Defendants shall replace it by posting another copy of the policy in a conspicuous and accessible place for all employees.

16. A copy of the Anti-Discrimination Policy shall be distributed to each new regular full-time, part-time, or temporary employee within ten (10) days of the individual's date of hire. The Defendants shall give a duplicate copy of the Anti-Discrimination Policy to any employee

who requests it, and shall advise all of the Defendants' managers of the Defendants' obligations to provide such copies.

17. During the duration of this Decree, the Anti-Discrimination Policy will be provided, disseminated, and posted in English, Spanish, and the Haitian Creole language.

## V.   TRAINING

18. During each of the three (3) years covered by this Decree, the Defendants will provide two (2) hours of training twice annually to all employees working in their Custom Pak, Inc., Immokalee, Florida facility, including all management personnel and Human Resources personnel, on all equal employment opportunity laws and the Defendants' Anti-Discrimination Policy. During each training conducted, at least two (2) of those training hours will be devoted to educating all employees about their rights arising under Title VII and, further, educating them about harassment based on race, national origin, or color and what constitutes discriminatory conduct under Title VII. The trainings will be conducted by an entity to be agreed upon by the Defendants and the EEOC before the execution of this Decree. These trainings will be conducted separately from other job-related training and/or business-wide meetings and the training session(s) will be dedicated solely to all equal employment opportunity laws and the Defendants' Policy. The Defendants agree to provide an additional two (2) hours of specialized training to its managerial employees, "Group Leaders," and Human Resources personnel, during each of the three (3) years covered by this Decree. The specialized training to be provided to these employees shall include training on what constitutes a complaint of discrimination or harassment, and the proper procedures for handling complaints of discrimination or harassment when they are received by managerial and/or human resources employees. The Defendants agree that at least one (1) hour of each additional specialized training session will be devoted to

training relating to hostile working environments, discrimination on the basis of race and national origin, and unlawful retaliation. The Defendants agree that the EEOC may, at the Commission's discretion, be in attendance at each training session. The first training will take place within sixty (60) calendar days of entry of this Decree.

19.     For the upcoming review cycle, the Defendants shall revise their performance evaluation forms for managers and supervisors in the Custom Pak, Inc., Immokalee, Florida facility in order to include the employee's compliance with the Defendants' discrimination, harassment, and retaliation policies and procedures as a measure for performance.

20.     The Defendants agree to provide the EEOC with written notice of each training session provided for in paragraph 18 above, including the location of the training, and provide any and all copies of pamphlets, brochures, outlines, or other written materials to be provided to the participants of the training sessions, no later than fifteen (15) days before each session.

21.     Within ten (10) calendar days of the completion of each training provided for in paragraph 18 above, the Defendants will notify the EEOC of the date(s) the training was conducted, the name and title of the person(s) who conducted the training, and the attendance sheet for the training session.

## VI. MONITORING AND REPORTING

22. The Defendants will furnish to the EEOC the following written reports twice annually for a period of three (3) years following entry of this Decree. The first report will be due four (4) months after entry of the Decree, and every six months thereafter. Each such report will contain:

   a. the identities of all individuals employed at the Custom Pak, Inc., Immokalee, Florida facility by the Defendants who have reported or complained of discrimination based on race or national origin and/or harassment based on race or national origin, including, but not limited to complaints of discrimination regarding hiring, promotions, and assignments, Defendants shall include each identified person's name, last known telephone number and address, social security number, and job title;

   b. for each individual identified in 22.A. above, provide a detailed description of the individual's report/complaint and what action, if any, Defendants took in response to the report/complaint;

   c. the identities of all individuals who have opposed any practice made unlawful under Title VII of the Civil Rights Act of 1964, or who have filed a charge, given testimony or assistance, or participated in any investigation, proceeding or hearing under the foregoing statute, including by way of identification each person's name, address, telephone number, position, and social security number;

   d. for each individual identified in 22.C. above, explain whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time);

   e. for each individual whose employment status has changed as identified in 22.D. above, a detailed statement explaining why the individual's employment status has changed.

   f. The Defendants shall certify that the Notice required to be posted pursuant to Section VII of this Decree remained posted during the entire six (6) month period preceding the report.

   g. The Defendants shall identify by name and certify that the individual Haitian Creole speaking Human Resources employee required by Section IX of this Decree has remained employed during the entire six (6) month period preceding the report; or if the position is vacant, an explanation of why the

position is vacant and all efforts undertaken by Defendants to fill the position within the time period specified in Section IX of this Decree below.

23. The EEOC may review compliance with this Decree. As part of such review, the EEOC may inspect the Defendants' Custom Pak, Inc., Immokalee, Florida facility, interview employees, and examine and copy documents. The Defendants agree that they will make all employees available to the EEOC for interviewing in connection with any EEOC investigation, review, or inspection.

24. The Defendants shall continue to maintain a toll-free complaint hotline, the identity of which shall be disseminated to all of the Defendants' employees at the Custom Pak, Inc., Immokalee, Florida facility informing them that a complaint can be lodged at any time in English, Spanish, or the Haitian Creole language. All calls to the toll-free complaint hotline shall be tracked by the Defendants, or their third-party contractor, during the term of the Decree, and the EEOC shall have access to all tracking records or call logs. The Defendants shall also publicize to all of their employees at the Custom Pak, Inc., Immokalee, Florida facility the EEOC complaint line number of (800) 669-4000.

25. Nothing contained in this Decree will be construed to limit any obligation the Defendants may otherwise have to maintain records under Title VII of the Civil Rights Act of 1964 or any other law or regulation.

## VII. POSTING OF NOTICE

26. Within twenty (20) business days after entry of this Decree, the Defendants will post laminated copies of the Notice attached as Exhibit B to this Decree at the Defendants' Custom Pak, Inc., Immokalee, Florida facility in a conspicuous location easily accessible to and commonly frequented by employees of the Defendants. The Notice will be at least eleven (11) inches by fourteen (14) inches. The Notices will remain posted for three (3) years from the date

of entry of this Decree. The Defendants will take all reasonable steps to ensure that the posting is not altered, defaced, or covered by any other material. The Defendants will certify to EEOC in writing within thirty (30) business days after entry of the Decree that the Notices have been properly posted. At all times material to and required by this paragraph, the Notice shall be posted and maintained in English, Spanish, and the Haitian Creole language.

## VIII. DISPUTE RESOLUTION

27. No party will contest the jurisdiction of the federal court to enforce this Decree and its terms or the right of any party to bring an enforcement suit upon breach of any of the terms of this Decree by any other party. Breach of any term of this Decree should be deemed to be a substantive breach of this Decree. The Court will retain jurisdiction over any such enforcement proceedings during the duration of this Consent Decree. Nothing in this Decree will be construed to preclude the EEOC from bringing proceedings to enforce this Decree in the event that the Defendants fail to perform any of the promises and representations contained herein.

## IX. OTHER RELIEF

28. Within sixty (60) days of the entry of this Decree by the Court, Defendants shall create and fill a full-time position in their corporate Human Resources Department ("Haitian Creole HR Representative"). The position shall be filled by a person who is fluent in the Haitian Creole language. The job duties associated with this position will be established by Defendants, but shall include as primary duties the responsibility to translate/interpret from Creole to English and English to Creole at all appropriate times, including but not limited to, whenever requested by a Creole speaking employee during a workplace dispute between employees and/or

supervisors at Defendants' Immokalee, Florida facilities, and including during the receipt, investigation, and resolution of any complaints of harassment or discrimination.

29.   Within thirty (30) days of the hiring of the Creole HR Representative, the Defendants shall disseminate to all employees working in Defendants' Immokalee, Florida facilities, the identity of this individual and the specific job responsibilities associated with this position with respect to translation/interpretation of Haitian Creole to English and English to Haitian Creole, and as a person authorized to receive complaints of discrimination or harassment from all of Defendants' employees.  Defendants shall also identify to all employees the Haitian Creole HR Representative and explain his or her duties as provided in this section at each training required by paragraph 18.

30.   The Haitian Creole HR Representative shall also be responsible for translating/interpreting and reading the Defendants' Anti-Discrimination policy to all Creole speaking employees working in Defendants' Immokalee, Florida facilities at least once annually during each of the years covered by this Decree.  At each meeting held for the purpose of complying with this paragraph, the Haitian Creole Speaking HR Representative shall also be accessible to all employees in Defendants' Immokalee, Florida facilities to answer questions about Defendants' Anti-Discrimination Policy, and shall assure all Creole speaking employees that he/she is available during all regular working hours to receive complaints of discrimination and/or harassment.

31.   In the event that the Haitian Creole HR Representative position becomes vacant during the time covered by this Decree, Defendants shall take all necessary steps to fill the Haitian Creole HR Representative position within sixty (60) days from the date of the vacancy. If for any reason Defendants are unable to fill the Haitian Creole HR Representative position

within the time frame established by this paragraph, Defendants shall notify the EEOC immediately, and the parties may modify the timeframe established in this paragraph, but only by written agreement.

X.   **DURATION OF THE DECREE AND RETENTION OF JURISDICTION**

32.   All provisions of this Decree will be in effect for a period of three (3) years immediately following entry of the Decree.

33.   Each party to this Decree will bear its own expenses, costs and attorneys' fees.

34.   All reports or other documents sent to the Commission by Defendants pursuant to this Decree shall be sent to: Robert Weisberg, Regional Attorney, U. S. Equal Employment Opportunity Commission, 2 South Biscayne Blvd., Suite #2700, Miami, Florida 33131.

| For U.S. Equal Employment Opportunity Commission: | For Defendant: |
|---|---|
| *[signature]* | *[signature]* |
| ROBERT WEISBERG<br>Regional Attorney<br>United States Equal Employment Opportunity Commission<br>One Biscayne Tower<br>2 South Biscayne Blvd., Suite 2700<br>Miami, Florida 33131<br>Telephone:  (305) 808-1853<br>Facsimile:  (305) 808-1835 | JOHN F. POTANOVIC  FBN 35400<br>Henderson, Franklin, Starnes & Holt, P.A.<br>1715 Monroe Street<br>P.O. Box 280<br>Fort Myers, FL 33902<br>Telephone:  (239) 344-1240<br>Facsimile:   (239) 344-1590 |
| *[signature]*<br>Ingrid Francoeur<br>Florida Rural Legal Services<br>3210 Cleveland Avenue<br>P.O. Box 219<br>Fort Myers, Florida 33902<br>Telephone:  (239) 334-4554<br>Facsimile:  (239) 334-3042 | *[signature]*<br>LFC Agricultural Services, Inc.<br><br>*[signature]*<br>Six L's Packing Company, Inc.<br><br>*[signature]*<br>Custom Pak, Inc. |

DATED: 5/31/11

ENTERED:

*[signature]*

THE HONORABLE JOHN E. STEELE
UNITED STATES DISTRICT COURT JUDGE

## EXHIBIT A

## ALLOCATION OF PAYMENTS AS COMPENSATORY DAMAGES

1. The gross payment of $7,000.00 to Marie Belleus represents $7,000.00 in non-economic compensatory damages. Defendants shall issue Belleus one check for the gross amount of $7,000.00, representing compensatory damages, and shall issue Belleus an IRS form 1099 for $7,000.00, and shall not withhold anything from such amount. The check shall be made payable to: Marie Belleus, 422 Habitat Court, Immokalee, FL 34142.

2. The gross payment of $7,000.00 to Aline Charles represents $7,000.00 in non-economic compensatory damages. Defendants shall issue Charles one check for the gross amount of $7,000.00, representing compensatory damages, and shall issue Charles an IRS form 1099 for $7,000.00, and shall not withhold anything from such amount. The check shall be made payable to: Aline Charles, 2207 Chadwick Circle, Immokalee, FL 34142.

3. The gross payment of $7,000.00 to Marie Gourdet represents $7,000.00 in non-economic compensatory damages. Defendants shall issue Gourdet one check for the gross amount of $7,000.00, representing compensatory damages, and shall issue Gourdet an IRS form 1099 for $7,000.00, and shall not withhold anything from such amount. The check shall be made payable to: Marie Gourdet, 1855 Farmworker Way, Immokalee, FL 34142.

4. The gross payment of $7,000.00 to Jean Baptiste Registe represents $7,000.00 in non-economic compensatory damages. Defendants shall issue Registe one check for the gross amount of $7,000.00, representing compensatory damages, and shall issue Registe an IRS form 1099 for $7,000.00, and shall not withhold anything from such amount. The check shall be made payable to: Jean Baptiste Registe, 439 Brownstone St., Lehigh Acres, FL 33974.

5. The gross payment of $7,000.00 to Michel Eraus represents $7,000.00 in non-economic compensatory damages. Defendants shall issue Eraus one check for the gross amount of $7,000.00, representing compensatory damages, and shall issue Eraus an IRS form 1099 for $7,000.00, and shall not withhold anything from such amount. The check shall be made payable to: Michel Eraus, 736 Firebush Cir. Bldg 17 #118, Immokalee, FL 34142.

6. The gross payment of $7,000.00 to Roselaine Poliard represents $7,000.00 in non-economic compensatory damages. Defendants shall issue Poliard one check for the gross amount of $7,000.00, representing compensatory damages, and shall issue Poliard an IRS form 1099 for $7,000.00, and shall not withhold anything from such amount. The check shall be made payable to: Roselaine Poliard, 1315 Reflection Way, Apt. 5, Immokalee, FL 34142.

7. The gross payment of $7,000.00 to Madeleine Joseph represents $7,000.00 in non-economic compensatory damages. Defendants shall issue Joseph one check for the gross amount of $7,000.00, representing compensatory damages, and shall issue Joseph an IRS form 1099 for $7,000.00, and shall not withhold anything from such amount. The check shall be made payable to: Madeleine Joseph, 1481 Peaceway, Immokalee, FL 34143.

8.      The gross payment of $7,000.00 to Rose Marie Sanon represents $7,000.00 in non-economic compensatory damages. Defendants shall issue Sanon one check for the gross amount of $7,000.00, representing compensatory damages, and shall issue Sanon an IRS form 1099 for $7,000.00, and shall not withhold anything from such amount. The check shall be made payable to: Rose Marie Sanon, P.O. Box 3103, Immokalee, FL 34143.

9.      The gross payment of $7,000.00 to Lenaud Nelson represents $7,000.00 in non-economic compensatory damages. Defendants shall issue Nelson one check for the gross amount of $7,000.00, representing compensatory damages, and shall issue Nelson an IRS form 1099 for $7,000.00, and shall not withhold anything from such amount. The check shall be made payable to: Lenaud Nelson, 403 E. Delaware Avenue, Immokalee, FL 34142.

10.     The gross payment of $7,000.00 to Raymonde Metelus represents $7,000.00 in non-economic compensatory damages. Defendants shall issue Metelus one check for the gross amount of $7,000.00, representing compensatory damages, and shall issue Metelus an IRS form 1099 for $7,000.00, and shall not withhold anything from such amount. The check shall be made payable to: Raymonde Metelus, P.O. Box 1282, Immokalee, FL 34143.

11.     The gross payment of $7,000.00 to Faubert Jules represents $7,000.00 in non-economic compensatory damages. Defendants shall issue Jules one check for the gross amount of $7,000.00, representing compensatory damages, and shall issue Jules an IRS form 1099 for $7,000.00, and shall not withhold anything from such amount. The check shall be made payable to: Faubert Jules, P.O. Box 404, Immokalee, FL 34142.

12.     The gross payment of $7,000.00 to Nekerfils Federic represents $7,000.00 in non-economic compensatory damages. Defendants shall issue Federic one check for the gross amount of $7,000.00, representing compensatory damages, and shall issue Federic an IRS form 1099 for $7,000.00, and shall not withhold anything from such amount. The check shall be made payable to: Nekerfils Federic, 116 Anhinga Circle, Apt. 4, Immokalee, FL 34142.

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | CIVIL ACTION NO: |
| Plaintiff, ) | 2:09-cv-636-FtM-29DNF |
| ) | |
| v. ) | CONSENT DECREE |
| ) | |
| LFC AGRICULTURAL SERVICES, INC., ) | |
| SIX L's PACKING COMPANY, INC., ) | |
| CUSTOM PAK, INC., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**NOTICE POSTED PURSUANT TO CONSENT DECREE**

This Notice is being posted pursuant to a Consent Decree entered by the United States District Court in Equal Employment Opportunity Commission v. LFC Agricultural Services, Inc., Six L's Custom Packing, Inc., and Custom Pak, Inc., Case No. 2:09-cv-00636-FTM-29DNF (M.D. Fla.) (the "Lawsuit"). In the lawsuit, the EEOC alleged that the Defendants subjected Black Haitian employees in their Custom Pak, Inc., Immokalee, Florida facility to a racially hostile working environment because of their race and/or national origin, in violation of Title VII of the Civil Rights Act of 1964. Defendants denied allegations in the Lawsuit and continue to deny any allegations of wrongful or unlawful conduct.

The Parties to the Lawsuit have agreed to resolve this action by entry of a Consent Decree whereby, among other things, they agree to take the following actions:

Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

The Defendants will comply with such federal law in all respects. Furthermore, the Defendants will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

The EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, pregnancy, age, or disability. If you believe you have been discriminated against, you may contact the EEOC at (305) 808-1740. The EEOC charges no fees and is responsible for investigating discrimination in the workplace.

This Notice must remain posted for three (3) years from the date below and must not be altered, defaced, or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Robert Weisberg, Regional Attorney, U.S. Equal Employment Opportunity Commission, 2 South Biscayne Blvd., Suite #2700, Miami, Florida 33131.

Date:

_____
CEO, LFC Agricultural Services, Inc.

_____
CEO, Six L's Packing Company, Inc.

_____
CEO, Custom Pak, Inc.

DO NOT REMOVE THIS NOTICE UNTIL: _____, 2014